STATE GAMING CONTROL BOARD, PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND HONORABLE JOHN F. SEXTON, DISTRICT JUDGE, RESPONDENTS.

No. 5035

January 24, 1966 · 409 P.2d 974

[Rehearing denied February 9, 1966]

*Harvey Dickerson,* Attorney General, and *Don W. Winne,* Deputy Attorney General, of Carson City, for Petitioner.

*Edward G. Marshall,* District Attorney, Clark County, Las Vegas, for Respondent.

*Foley Brothers* by *Thomas A. Foley,* for Mr. Ruby Kolod.

## OPINION

By the Court, THOMPSON, J.:

This is an original proceeding in certiorari to review a stay order of the district court preventing the State Gaming Control Board from proceeding further in an administrative action by the board against Ruby Kolod, the D. I. Operating Company, and Karat, Inc., who are licensees authorized to engage in gaming in Nevada. The administrative action was commenced under the authority of the Gaming Control Act, NRS, ch. 463, to revoke the gaming license of Ruby Kolod and to eliminate his interests in the D. I. Operating Company and Karat, Inc. It was precipitated by the felony conviction of Ruby Kolod in April 1965, following a jury trial in the United States District Court for the District of Colorado adjudging him guilty of a conspiracy to transmit in interstate commerce communications containing threats to injure and murder one Robert Sunshine. The board charged that Kolod is unsuitable to hold a gaming license because of the felony conviction and also because of his association with Felix Antonio Alderisio who is

alleged to be a leader in organized crime. Kolod has appealed the felony conviction and the appeal has not been decided. The district court stopped the administrative action. It ordered that "the status quo be maintained until there is a final disposition of the case under appeal," referring to the Colorado federal court conviction and pending appeal. It is this order that is challenged by the instant proceeding.

The district court was without jurisdiction to stay the administrative proceeding initiated by the board. The State Constitution, art. 6, § 6, does not authorize court intrusion into the administration, licensing, control, supervision and discipline of gaming, and the Gaming Control Act expressly forbids court intervention by writ or "other equitable proceedings." NRS 463.315 (13).[1] Only court review of a final order or decision of the Nevada Gaming Commission is permissible. NRS 463.315(1).[2] It is emphatically clear that a court is powerless to prevent the occurrence of an administrative hearing before the Nevada Gaming Commission. Any effort to obstruct the orderly administrative process provided by the Gaming Control Act casts serious doubt upon the ability of Nevada to control the privileged enterprise of gaming. Control does not exist if regulatory procedures are not allowed to operate. Courts owe fidelity to the legislative purpose and must not block the Gaming Control Board in its effort to discharge assigned duties. The stay order was, and is, void and of no effect.

---

[1]NRS 463.315(13) provides, "The judicial review by the district and supreme courts afforded in this chapter shall be the exclusive method of review of commission actions, decisions and orders, and shall preclude the use of any of the extraordinary common law writs or other equitable proceedings."

[2]NRS 463.315(1) reads, "Any person aggrieved by a final decision or order of the commission made after hearing or rehearing by the commission pursuant to NRS 463.312, and whether or not a petition for rehearing was filed, may obtain a judicial review thereof in the district court of the county in which the petitioner resides or has his or its principal place of business."

The respondent challenges the propriety of certiorari. The writ shall issue when an inferior tribunal has exceeded its jurisdiction, there is no appeal, nor any plain, speedy and adequate remedy. NRS 34.020(2). If one of the essentials is missing, the writ should not be granted. Schumacher v. District Court, 77 Nev. 408, 365 P.2d 646 (1961). Here the respondent's challenge is bottomed on the proposition that the stay order is appealable. We are referred to the rules of civil procedure concerning injunctions and appeal, NRCP 62(c), 65, 72(b)(2). The rules of civil procedure do not apply to special statutory proceedings if inconsistent or in conflict. NRCP 81(a).[3] The conflict between the civil procedure rules and the special statutory proceeding provided for by the Gaming Control Act is apparent. The civil rules allow injunctions and stay orders. The Gaming Control Act forbids them. NRS 463.315(13). As a stay order is not allowed, a fortiori, an appeal is likewise precluded. No remedy other than certiorari was available to the petitioner here. The stay order entered by the district court is nullified and set aside.

This matter was decided from the bench on January 12, 1966. This opinion is in explanation of that decision.

BADT, J., and WINES, D. J., concur.

---

[3]NRCP 81(a) provides in part, "These rules do not govern procedure and practice, otherwise than on appeal, in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute."