JOHN G. GEORGE, APPELLANT, v. NEVADA GAMING COMMISSION, CONSISTING OF JOHN W. DIEHL, CHAIRMAN, HENRY W. BERRUM, NORMAN D. BROWN, DR. SAMUEL W. DAVIS, AND GEORGE W. VON TOBEL, MEMBERS, RESPONDENT.

No. 6057

May 11, 1970                    468 P.2d 995

*Ross & Crow,* of Carson City; *Peter L. Flangas,* of Las Vegas; *McAtee, Marchiando & Michael,* of Albuquerque, New Mexico; and *Standley, Witt & Quinn,* of Santa Fe, New Mexico, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, and *John G. Spann,* Deputy Attorney General, of Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

John G. George has appealed from an order of the district court denying his petition for mandamus, wherein he asked the district court to order the respondent, Nevada Gaming Commission, to issue in George's behalf, preparatory to a hearing before the Commission: (1) subpoenas,[1] (2) a subpoena duces tecum,[2] and (3) an appropriate standard of suitability to qualify for a gaming license. The district judge denied the petition, and correctly so, on the ground that the district court was without jurisdiction to entertain the writ application.

1. *The Facts.*

George applied to the State Gaming Control Board for a gaming license.[3] He desired to acquire a 25 percent interest in an already existing gaming license that had been previously issued to the Valley Inn at Mesquite, Nevada. The Board, after investigating and considering George's application, recommended to the Commission that his application be denied. A hearing on the Board's recommendation of denial was scheduled before the Commission. Prior to the hearing, however, George filed in the district court his petition for mandamus, which is the subject of this appeal.

2. *The State Gaming Control Board.*

The State Gaming Control Board is a three-member board charged with the duty of *investigating* the qualifications of

---

[1]George named in his request for subpoenas all the members of the State Gaming Control Board and the Board's Las Vegas investigators.

[2]George had requested the Commission to direct the Board to "make available for inspection, examination, review and copying by the petitioner's representative, all correspondence, memoranda, reports, documents, summaries, photographs, photoprints, police data, physical evidence, and everything of whatsoever form or nature, legally obtained, in the possession, custody or control of the State Gaming Control Board, which pertain in any way to the petitioner's background, character, reputation, ability, associates, arrests, [or] employment . . . ."

[3]George had not been previously issued a license.

applicants seeking gaming licenses and with the duty of continued surveillance over the conduct of those applicants who receive licenses. NRS 463.210.[4]

### 3. *The Nevada Gaming Commission.*

The Nevada Gaming Commission is a five-member administrative body constituted under the authority of chapter 463 of NRS, the Nevada Gaming Control Act. The Commission is charged with administering the Gaming Control Act and has "full and absolute power and authority to deny any application for a license for any cause deemed reasonable by such commission." NRS 463.220(5).[5]

### 4. *Court Intervention.*

The district court was without jurisdiction to entertain George's petition for mandamus. State Gaming Control Board v. Eighth Judicial District Court, 82 Nev. 38, 40, 409 P.2d 974, 975 (1966), is dispositive of the issue presented in this appeal. There, this court, in a case involving a disciplinary proceeding before the Gaming Control Board, announced with clarity:

". . . The State Constitution, art. 6, § 6, does not authorize court intrusion into the administration, *licensing,* control, supervision and discipline of gaming, and the Gaming Control Act expressly forbids court intervention by writ or 'other equitable proceedings.' NRS 463.315(13). . . . Any effort to

---

[4] NRS 463.210:

"1. Within a reasonable time after filing of an application and such supplemental information as the board may require, the board shall commence its investigation of the applicant and shall conduct such proceedings in accordance with applicable regulations as it may deem necessary.

"2. The board shall make its order, either recommending approval or denial of an application, not longer than 90 days after the application and supporting data are completed and filed with the board. In the event denial of an application is recommended, the board shall prepare and file with the commission its written reasons upon which the order is based.

"3. The board shall have full and absolute power and authority to recommend denial of any application for a license for any cause deemed reasonable by the board.

"4. A recommendation of denial of an application shall be without prejudice to a new and different application if made in conformity to regulations applicable to such situations."

[5] NRS 463.220(5):

"The commission shall have full and absolute power and authority to deny any application for a license for any cause deemed reasonable by such commission. In the event an application is denied, the commission shall prepare and file its written decision upon which its order denying such application is based."

obstruct the orderly administrative process provided by the Gaming Control Act casts serious doubt upon the ability of Nevada to control the privileged enterprise of gaming. . . . Courts owe fidelity to the legislative purpose and must not block the Gaming Control Board in its effort to discharge assigned duties."[6] (Emphasis added; footnote omitted.)

The instant case is a clear example of the reason for the rule. The Commission has not had an opportunity to consider and pass on George's application. The Board alone has considered it, and the Board has *recommended* denial. The final disposition of George's application rests with the Commission, as prescribed in NRS 463.220(3).[7]

The order of the district judge denying the appellant's petition for mandamus is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.

---

[6]NRS 463.315(13), referred to in the foregoing quotation, reads as follows:

"The judicial review by the district and supreme courts afforded in this chapter shall be the exclusive method of review of commission actions, decisions and orders, and shall preclude the use of any of the extraordinary common law writs or other equitable proceedings."

[7]NRS 463.220(3):

"After final order of the state gaming control board recommending denial of an application, the commission, after considering the recommendation of the board, may:

"(a) Deny the application;

"(b) Remand the matter to the board for such further investigation and reconsideration as the commission may order; or

"(c) By unanimous vote of the members present, grant the application for a license."