GOVERNOR MIKE O'CALLAGHAN, in His Capacity as the Chief Executive Officer of the State of Nevada; THE STATE OF NEVADA; THE NEVADA GAMING COMMISSION; NEVADA GAMING COMMISSIONER FRANK SCHRECK, in His Capacity as a Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSIONER CLYDE TURNER, in His Capacity as a Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSIONER JOHN DIEHL, in His Capacity as a Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSIONER NORMAN BROWN, in His Capacity as a Member of the Nevada Gaming Commission; NEVADA GAMING COMMISSIONER WALTER COX, in His Capacity as a Member of the Nevada Gaming Commission; STATE GAMING CONTROL BOARD; STATE GAMING CONTROL BOARD MEMBER PHILIP HANNIFIN, in His Capacity as a Member of the Board; STATE GAMING CONTROL BOARD MEMBER JOHN STRATTON, in His Capacity as a Member of the Board; and STATE GAMING CONTROL BOARD MEMBER SHANNON BYBEE, in His Capacity as a Board Member and, Also, in His Individual Capacity, Petitioners, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, THE HONORABLE HOWARD W. BABCOCK and CARL CHRISTENSEN, the Judges Thereof, and ELLIOT PAUL PRICE, Respondents.

No. 6831

January 31, 1973                    505 P.2d 1215

*Robert List,* Attorney General, and *David C. Polley,* Deputy Attorney General, of Carson City, for Petitioners.

*Goodman & Snyder, Ltd.,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

Elliot Paul Price commenced an action in the district court to enjoin the Nevada Gaming Commission and the State Gaming Control Board from interfering with his effort to obtain a work permit as a gaming employee. The court issued a temporary restraining order enjoining the defendants therein, the petitioners here, "from interfering with Price's obtaining a work permit from the Sheriff of Clark County, Nevada, and further from interfering with Price's employment once said work permit was issued," and declined, thereafter to grant the defendants' motion to dissolve the same. That court will entertain further proceedings in that action unless prohibited from doing so. Before instituting the district court action for equitable relief, Price had pursued the administrative remedies provided by NRS 463.335 of the Nevada Gaming Control Act, but without success.[1]

The gaming authorities contend that the district court does

---

[1]Price applied for and was granted a temporary work permit by the Sheriff of Clark County to work as a gaming employee. Upon receiving notice of this fact the State Gaming Control Board promptly advised the sheriff of its objection and the sheriff immediately repossessed the temporary work permit. Price then requested a hearing before the Board and the Board sustained the denial of the work permit. The Gaming Commission, upon review, affirmed the decision of the Board.

not have jurisdiction to entertain the action for injunctive relief since the Nevada Gaming Control Act designates the exclusive method of judicial review and specifically precludes "the use of any of the extraordinary common law writs or other equitable proceedings." NRS 463.315(13). If sustained in this view, the alternative writ of prohibition heretofore issued must be made permanent. If not sustained, still another issue must be resolved.

1. A reading of the Gaming Control Act reveals that the judicial review specified in NRS 463.315 applies to disciplinary or other action against a licensee [NRS 463.312], to one who has been excluded or rejected from any licensed gaming establishment [NRS 463.153(3)(b)], and to a gaming employee who the Commission has found to be guilty of cheating [NRS 463.337(3)]. Mr. Price is none of these.

The Act does not provide that the judicial review contemplated by NRS 463.315 shall apply to a gaming employee whose work permit is in issue. Moreover, the judicial review provided by the Nevada Administrative Procedure Act specifically excludes gaming. NRS 233B.030(1)(d),(e). The cases of George v. Nevada Gaming Comm'n, 86 Nev. 374, 468 P.2d 995 (1970), and Gaming Control Bd. v. Dist. Ct., 82 Nev. 38, 409 P.2d 974 (1966), are inapposite since they concern judicial intervention in licensing matters.

The maxim of statutory construction, "expressio unius est exclusio alterius," applies to the judicial review provision of the Gaming Control Act. By expressly designating the areas to which NRS 463.315 shall apply, the legislature, by implication, excluded other areas therefrom. State v. C. P. R. R. Co., 21 Nev. 270, 273, 30 P. 693 (1892); Galloway v. Truesdell, 83 Nev. 13, 26, 422 P.2d 237 (1967). That which is enumerated excludes that which is not. We hold that NRS 463.315, and particularly subsection 13 thereof, does not preclude equitable court relief when a gaming employee's work permit is in issue and the administrative remedies specified in NRS 463.335 have been exhausted.

2. An alternative argument for the issuance of a permanent writ of prohibition is offered by the petitioners. A gaming employee must hold a valid work permit. NRS 463.335(3). When a person applies for the issuance or renewal of a work permit and is denied that permit and that denial has been submitted to the Commission for review, the decision of the Commission "shall be conclusive on all parties." NRS 463.335(8). Consequently, judicial review is precluded. In so far as Mr.

Price is concerned, the contention assumes that his application for a work permit was his initial application therefor, or was an application for the renewal of a work permit previously issued to him. That assumption is not warranted on the record before us.

Price had been working as a gaming employee since 1966, and his suitability to work in that capacity had never been questioned by the gaming authorities of this State. He possessed a work permit. In December 1970, federal agents arrested him and seized his work permit. Had he continued to work without it, he, and his employer, may have been subject to criminal penalty. NRS 463.360. He was, therefore, requested by his employer to take a leave of absence. Four months later he applied to the Sheriff of Clark County for a work permit or "sheriff's registration card," and received it. The Gaming Control Board was notified of this fact, and since certain of its members had read the newspaper accounts of Price's arrest, the sheriff was notified to repossess the work permit he had issued. Price had been allowed to work only six days. So far as we know, the federal charges have not been tried, and Price has entered his plea of not guilty thereto.

In this context the action of the Board amounted to the revocation of a work permit. It was not, as the Board suggests, a mere repossession of a temporary, 30-day permit within the contemplation of NRS 463.335(1)(c).

The Gaming Control Act does not specify a procedure for revoking a work permit. Cf. NRS 463.312, with regard to licensees. The legislature should cure this inadequacy.

The revocation of Price's right to work as a gaming employee was accomplished without prior notice and an opportunity to be heard. This is the main predicate of his action for injunctive relief in the district court. For the reasons expressed, we hold that the district court has jurisdiction to entertain his action and to rule upon the validity of the revocation of his right to work as a gaming employee. This proceeding is dismissed.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.