DAVID LOUIS GOLDBERG, Appellant, *v.* STATE OF NEVADA and STATE OF NEVADA GAMING COMMISSION, Respondent.

No. 8983

February 3, 1977                    559 P.2d 821

*Goodman & Snyder,* Las Vegas, for Appellant.

*Robert List,* Attorney General, and *A. J. Hicks* and *Marcus H. Sloan,* Deputy Attorneys General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

The Nevada Gaming Commission, after a hearing, revoked David Louis Goldberg's work permit. Goldberg had been convicted of a gambling-related offense in the United States District Court for the District of Nevada.[1]

---

[1]NRS 463.337(2) provides in pertinent part:

"2. The commission may revoke a work permit issued by the board or, if issued by a county or city licensing authority, notify such authority to revoke such permit, if the commission finds after a hearing as provided in NRS 463.310 and 463.312 that the gaming employee has failed to disclose, misstated or otherwise misled the board in respect to any fact contained within any application for a work permit or, subsequent to being issued such work permit:

"(a) Committed, attempted or conspired to do any of the acts prohibited by NRS 465.070 to 465.085, inclusive;

" . . .

"(e) Been convicted in any jurisdiction other than Nevada of any offense involving or relating to gambling."

Goldberg appealed the Commission's ruling to the state district court, claiming that (1) a conviction in a federal court is not a conviction "in any jurisdiction other than Nevada"; (2) NRS 463.337 is unconstitutional as applied to Goldberg because in his case it operates as an ex post facto law; and (3) the statute is not applicable, because Goldberg's conviction was prior, rather than subsequent, to the issuance of the work permit. The district judge rejected Goldberg's contentions and affirmed the ruling of the Commission. Goldberg has appealed, asserting the contentions presented below, which we, too, find meritless. We therefore affirm.

1. Jurisdiction in NRS 463.337(2)(e) is used in the legal, not the territorial, sense. A conviction in the United States District Court for the District of Nevada of any offense involving or related to gambling, even though such offense was committed within the boundaries of the State of Nevada, falls squarely within the proscription of NRS 463.337(2)(e).

2. NRS 463.337 is primarily a regulatory statute, not a penal one. The statute is part of a comprehensive legislative act to regulate gambling within Nevada. Its purpose is to keep the gaming industry free of those unfit persons who by their conduct have violated laws pertaining to gaming. That Goldberg's work permit was revoked, as an incident to effecting this purpose, does not render the statute penal in nature and consequently subject to the ex post facto doctrine. *See* De Veau v. Braisted, 363 U.S. 144 (1960).

3. Goldberg's third argument is also without merit. His work permit was issued on November 10, 1970, and his conviction was not entered until the fall of 1974. Prior to that conviction, he had voluntarily terminated his employment with the Dunes Hotel and Casino. On August 4, 1975, seeking to regain that employment, he had his permit revalidated by the Clark County Sheriff's office. Goldberg now contends that this revalidation constitutes the issuance of a new permit. Similar contentions were rejected in O'Callaghan v. District Court, 89 Nev. 33, 505 P.2d 1215 (1973). In that case, the employee's work permit had been seized when he was arrested by federal agents. Four months later he applied to the sheriff's office for a new work permit, receiving a temporary permit, which was later repossessed when the Gaming Control Board was notified

of its issuance. This court held that repossession of that temporary permit constituted revocation of the employee's original work permit and, therefore, that no new work permit had been issued. The same conclusion is necessary here, a fortiori, where Goldberg's permit had not even been seized, but was merely stamped by the sheriff's office.

Affirmed.