## IN THE SUPREME COURT OF THE STATE OF NEVADA

ELECTION INTEGRITY PROJECT OF NEVADA, LLC; AND SHARRON ANGLE, AN INDIVIDUAL,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ROB BARE, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA ON RELATION OF BARBARA K. CEGAVSKE, IN HER OFFICIAL CAPACITY AS NEVADA SECRETARY OF STATE; INSTITUTE FOR A PROGRESSIVE NEVADA AND THE PROGRESSIVE LEADERSHIP ALLIANCE OF NEVADA,
Real Parties in Interest.

No. 81847

FILED

OCT 07 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This emergency petition for a writ of mandamus or prohibition challenges a district court order denying a motion for a preliminary injunction in an action challenging the constitutionality of recently enacted Assembly Bill 4, which allows statewide voting by mail when an emergency or disaster has been declared and provides for the mailing of ballots to all active registered voters.

20-36822

Petitioners seek extraordinary relief, arguing that the law required the district court to grant a preliminary injunction to halt the implementation of Assembly Bill (AB) 4, which they assert violates the Nevada Constitution's equal protection provision, Article 4, § 21, because it allows for "standardless counting procedures," lacks minimal safeguards to evaluate ballots equally, allows ballots cast after election day to be counted, and permits various "fraudulent abuses of election procedures, resulting in dishonest and incorrect voting totals." Although writ relief ordinarily will not lie when a party has another remedy such as an appeal and orders denying preliminary injunctions are appealable under NRAP 3A(b)(3), we will entertain this petition because it was filed before entry of a written order and involves a matter of urgency given the deadlines for mailing ballots. *See Las Vegas Review-Journal v. Eighth Judicial Dist. Court*, 134 Nev. 40, 43, 412 P.3d 23, 26 (2018) (accepting a petition for writ relief, directing entry of a written order, ordering expedited briefing, and addressing the petition on its merits under similar urgent circumstances where "a later appeal would not adequately remediate the harm complained of").

Based on the nature of the relief requested and the district court's jurisdiction to consider the request for a preliminary injunction, we conclude that a petition for a writ of mandamus, rather than prohibition, is the appropriate means to challenge the district court's decision under these circumstances. *Compare* NRS 34.160 (providing that a writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station), *with* NRS 34.320 (providing that a writ of prohibition is available to restrain a tribunal's proceedings

that "are without or in excess of [its] jurisdiction"), *and Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (holding that a writ of prohibition "will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration"). But, we are not persuaded that petitioners have met their burden of demonstrating that mandamus relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that petitioners bear the burden to demonstrate that writ relief is warranted).

This petition was not filed with this court until September 25, 2020.[1] AB 4 was approved by the Governor on August 3, 2020. The next day, several entities filed suit in federal court to challenge various provisions of AB 4 raising many claims identical to those raised by petitioners. *Donald J. Trump for President, Inc. v. Cegavske*, No. 2:20-CV-1445 JCM (VCF), 2020 WL 5626974 (D. Nev. Sept. 18, 2020). Petitioners in this matter then waited until September 1, 2020, to file their complaint in state court, which challenges both changes to the law in AB 4 but also provisions that were already in Nevada law and could have been challenged even earlier. According to documents provided in petitioners' appendix,

---

[1]The appendix filed with the petition is 20 volumes and the size of each volume varies between 14 and roughly 130 pages. It lacks a comprehensive index, and some of the volumes are not individually indexed. Petitioners do not always cite to the record to support statements in their petition and when they do, they cite to exhibits attached to documents within the record without providing page numbers for the language on which they rely (e.g., Declaration of Sharron Angle attached to the complaint, Appdx. 1).

several counties planned to send mail-in ballots to active registered voters on September 24, the day before petitioners filed their petition with this court. And while we have endeavored to expedite both briefing and consideration of this matter to the extent possible, to grant the petition at this late date would inject a significant measure of confusion into an election process that is already underway. We are reluctant to do so absent a clear and compelling demonstration that the district court had a legal duty to enjoin AB 4. *See League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014) ("By definition, [t]he public interest . . . favors permitting as many qualified voters to vote as possible."). That showing has not been made here.

To obtain a preliminary injunction, petitioners had to show (1) a likelihood of success on the merits and (2) a reasonable probability that the conduct of mailing, verifying, and counting ballots, if allowed to continue, will cause petitioners irreparable harm. *Univ. and Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004). While petitioners need not "establish certain victory on the merits, [they] must make a prima facie showing through substantial evidence that [they are] entitled to the preliminary relief requested." *Shores v. Glob. Experience Specialists, Inc.*, 134 Nev. 503, 507, 422 P.3d 1238, 1242 (2018). Relatedly, an action must be ripe for judicial review, meaning that it "present[s] an existing controversy, not merely the prospect of a future problem." *Resnick v. Nevada Gaming Commission*, 104 Nev. 60, 65-66, 752 P.2d 229, 232 (1988).

The district court determined that petitioners did not present a ripe controversy because the harm they alleged was largely hypothetical,

SUPREME COURT
OF
NEVADA

(O) 1947A

4

and regardless, AB 4 did not violate equal protection principles and the relative hardships and public interest weighed against a preliminary injunction. *See Univ. Sys.*, 120 Nev. at 721, 100 P.3d at 187 (observing that, in considering preliminary injunctions, courts also "weigh the potential hardships to the relative parties and others, and the public interest"). On this record, we agree.[2] *Excellence Cmty. Mgmt., LLC v. Gilmore*, 131 Nev. 347, 351, 351 P.3d 720, 722 (2015) (recognizing that the decision to grant a preliminary injunction is within the district court's discretion, and this court will overturn such a decision only "when the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact" (internal quotations omitted)); *Flamingo Paradise Gaming, LLC v. Chanos*, 125 Nev. 502, 509, 217 P.3d 546, 551 (2009) (observing that questions of law, including whether a statute is constitutional, are reviewed de novo and "[s]tatutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional").

We have considered each of petitioners' challenges to the various provisions of AB 4, along with the evidence petitioners presented

[2]With the reply in support of their petition, petitioners offer evidence that was not presented to the district court, suggesting that we should consider that evidence because they could have sought extraordinary relief with this court in the first instance. Even if petitioners had proceeded directly in this court in the first instance, this court generally declines to exercise its discretion to entertain mandamus petitions unless "legal, rather than factual, issues are presented" because "an appellate court is not an appropriate forum in which to resolve disputed questions of fact." *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981). We therefore have not considered the new evidence offered by petitioners.

below to support their complaint and motion. Assuming without deciding that the district court correctly determined that petitioners had standing to challenge AB 4 under the public importance exception to the standing doctrine set forth in *Schwartz v. Lopez*, 132 Nev. 732, 382 P.3d 886 (2016), we conclude that the court properly concluded that petitioners failed to make a prima facie showing through substantial evidence that they were entitled to a preliminary injunction preventing the Secretary of State from implementing AB 4. Petitioners did not allege any burden that the challenged provisions of AB 4 impose on an identifiable group's right to vote. We therefore are not convinced that the district court was obligated to apply strict scrutiny. *See Short v. Brown*, 893 F.3d 671, 676 (9th Cir. 2018) (discussing review applied to constitutional challenges to a state election law); *see also Burdick v. Takushi*, 504 U.S. 428, 434 (1992) ("[T]he rigorousness of our inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights."). We also are not convinced that the district court erred in concluding that petitioners did not demonstrate with substantial evidence that the challenged provisions are not rationally related to the State's interest in ensuring that all active registered voters have an opportunity to exercise their right to vote in a safe and secure manner during a pandemic. *See Burdick*, 504 U.S. at 433-34 ("When a state election law provision imposes only 'reasonable, nondiscriminatory restrictions' upon the First and Fourteenth Amendment rights of voters, 'the State's important regulatory interests are generally sufficient to justify' the restrictions" (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983))). Similarly, although petitioners argued that certain provisions of AB 4 will

make the voting system susceptible to illegitimate votes that would result in irreparable harm by diluting legitimate votes, they presented no concrete evidence that such events will occur or that the Secretary of State's maintenance of the voter rolls exacerbated any such problem. And there are provisions in AB 4, along with existing provisions of NRS Chapter 293, that provide numerous safeguards to prevent and detect voter fraud, including criminal prohibitions against voter fraud, voter intimidation, and related offenses. AB 4 §§ 21, 40, 44, 70, 75; NRS 293.700; NRS 293.710; NRS 293.775; and NRS 293.770. Consistent with the foregoing, we

ORDER the petition for extraordinary writ relief DENIED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:  Hon. Rob Bare, District Judge
Hansen & Hansen, LLC
Attorney General/Carson City
Perkins Coie, LLP/Seattle
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Eighth District Court Clerk