138 Nev., Advance Opinion *20*

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NEVADA GAMING COMMISSION, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; AND NEVADA GAMING CONTROL BOARD, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA,<br>Appellants,<br>vs.<br>STEPHEN A. WYNN, AN INDIVIDUAL,<br>Respondent. | No. 82263 |



FILED

MAR 31 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a petition for judicial review of, or a writ of prohibition concerning, a gaming commission proceeding. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

*Reversed and remanded.*

Aaron D. Ford, Attorney General, Darlene S. Caruso, Chief Deputy Attorney General, Kiel B. Ireland, Deputy Attorney General, and Steven G. Shevorski, Chief Litigation Counsel, Carson City,
for Appellants.

Campbell & Williams and Donald J. Campbell and J. Colby Williams, Las Vegas,
for Respondent.

---

BEFORE THE SUPREME COURT, EN BANC.

22-10016

*OPINION*

By the Court, SILVER, J.:

NRS 463.315(1) entitles a person subject to disciplinary proceedings by the Nevada Gaming Commission to judicial review of the Commission's *final* order in district court. NRS 463.318(2) states that this judicial review "is the exclusive method of review of the Commission's actions, decisions and orders in disciplinary hearings." NRS 463.318(2) also precludes extraordinary common-law writs or equitable proceedings "where statutory judicial review is made exclusive." In this appeal, we consider for the first time whether NRS 463.318(2) precludes a petition for a writ of prohibition challenging the jurisdiction of the Commission and the Nevada Gaming Control Board (collectively, when possible, the Agencies) over a party in disciplinary proceedings *before* the Commission enters a final decision. We also consider whether an order by the Commission denying a motion to dismiss is "final" under NRS 463.315(1).

In the underlying disciplinary action before the Commission, respondent moved to dismiss on the ground that the Agencies lacked jurisdiction over him. The Commission denied the motion, and respondent filed a petition for judicial review or, in the alternative, a writ of prohibition in the district court. The court found that judicial review was unavailable because the Commission had not entered a final decision. The court consequently found, however, that respondent lacked an adequate legal remedy to challenge the Commission's jurisdiction and that it could therefore entertain respondent's petition to the extent that he alternatively sought a writ of prohibition. Ultimately, the court granted writ relief, determining that the Agencies exceeded their jurisdiction in the disciplinary action against respondent.



We conclude that, pursuant to NRS 463.318(2), the district court lacked jurisdiction to entertain respondent's petition for a writ of prohibition to arrest the disciplinary proceedings against him. The district court also lacked jurisdiction to consider the petition for judicial review pursuant to NRS 463.315(1) because an order denying a motion to dismiss for lack of jurisdiction is not a final order. Therefore, we conclude that the district court erred by entertaining and granting respondent's petition, whether viewed as a petition for judicial review or as a petition for a writ of prohibition. Accordingly, we reverse.

## FACTS AND PROCEDURAL HISTORY

From 2005 to 2018, respondent Stephen A. Wynn was the Chief Executive Officer, Chairman of the Board of Directors, and controlling shareholder of nonparty Wynn Las Vegas, LLC, dba Wynn Las Vegas and Wynn Resorts, Ltd. (Wynn Resorts). In accord with his involvement with Wynn Resorts, Wynn obtained a finding of suitability from the Commission, which allowed him to serve in his various capacities with the gaming establishment. In January 2018, *The Wall Street Journal* published an article in which several Wynn Resorts employees alleged that Wynn had engaged in sexual misconduct since 2005. Following this publication, the Board began to investigate these allegations. A few weeks after the Board started its investigation, Wynn resigned as CEO and Chairman of Wynn Resorts and signed a separation agreement. In that agreement, Wynn agreed to forgo any severance payment from Wynn Resorts for his services as CEO and Chairman and agreed to sell his stock shares of Wynn Resorts. Wynn sold his shares in Wynn Resorts shortly thereafter.

Months later, as a part of its investigation, the Board sent Wynn notice of its intent to require Wynn to testify at an investigative hearing. Wynn did not appear at that hearing. Instead, Wynn's attorneys

met with the Agencies and requested that Wynn's cooperation with the investigation be limited to answering written inquiries due to pending lawsuits by the Wynn Resorts employees regarding Wynn's alleged sexual misconduct. The Agencies rejected the request. Wynn's attorneys responded with a letter reiterating the request and arguing that Wynn should not have to testify because he was no longer involved with Wynn Resorts. The Agencies did not respond to this letter.

In January 2019, the Board filed a complaint seeking monetary fines against Wynn Resorts, but not Wynn individually, for violations of the Nevada Gaming Control Act and gaming regulations stemming from Wynn's alleged sexual misconduct. The Board and Wynn Resorts settled that action a month later, with Wynn Resorts agreeing to pay a fine of $20 million. The Board then filed a complaint before the Commission to revoke the finding of suitability regarding Wynn. The Board asserted that Wynn's alleged sexual misconduct constituted four violations of Nevada gaming statutes and regulations and that his failure to appear and testify at the investigative hearing constituted a fifth violation. Wynn moved to dismiss, arguing that the Agencies lacked jurisdiction over him because he had resigned as CEO of Wynn Resorts, had moved from his residence in the property, had sold his stock in Wynn Resorts, and was no longer involved with gaming licenses at the time the Board filed its complaint against him. The Commission denied the motion, and Wynn filed a petition for judicial review or, in the alternative, for a writ of prohibition in the district court.

The district court denied Wynn's request for judicial review, finding that such review was not available because the Commission had not entered a final decision. However, the district court concluded that it could entertain Wynn's request for a writ of prohibition. The court reasoned that because it lacked jurisdiction to consider Wynn's petition for judicial review,

SUPREME COURT
OF
NEVADA

(O) 1947A

4

Wynn lacked an adequate legal remedy. As a result, the court found, a writ of prohibition was available if the Agencies had exceeded their jurisdiction in the disciplinary action against Wynn. Ultimately, the district court agreed with Wynn that, because he was no longer involved with Wynn Resorts, the Agencies lacked jurisdiction over Wynn. Accordingly, the court granted Wynn's petition to the extent that he sought a writ of prohibition.[1] The Agencies now appeal.

## DISCUSSION

The Agencies argue that the district court lacked jurisdiction to review the Commission's order denying Wynn's motion to dismiss. The Agencies contend that Wynn is not entitled to writ relief because judicial review under NRS 463.318 is the exclusive method of court intervention regarding the Commission's disciplinary decisions and that writ relief is explicitly excluded. They further assert that judicial review is precluded because only final orders may be reviewed, and the district court properly found that the Commission's order is not final. We agree.

*The district court lacked jurisdiction to entertain Wynn's petition for writ relief*

Generally, we review a district court's decision to grant or deny a writ petition for an abuse of discretion. *DR Partners v. Bd. of Cty. Comm'rs*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000). However, we review questions of statutory interpretation de novo. *Pawlik v. Deng*, 134 Nev. 83, 85, 412 P.3d 68, 70-71 (2018). Because this case requires us to interpret whether the relevant statutory scheme allowed the district court to

---

[1]The district court's order stated that it granted Wynn's petition for judicial review. However, a careful reading of the reasoning in that order evinces that the district court intended to grant Wynn's petition for a writ of prohibition, not his petition for judicial review. Accordingly, we treat the appealed order as one granting a petition for a writ of prohibition.

 

entertain or grant Wynn's writ petition, we review the district court's decision de novo.

A person subject to disciplinary proceedings before the Commission is entitled to judicial review of the Commission's *final order* in district court. NRS 463.315(1). "[J]udicial review by the district court and the appellate court of competent jurisdiction afforded in this chapter is the *exclusive method of review* of the Commission's actions, decisions and orders in disciplinary hearings held pursuant to NRS 463.310 to 463.3145, inclusive." NRS 463.318(2) (emphasis added). Under NRS 463.318(2), writ relief is not available "where statutory judicial review is made exclusive or is precluded, or the use of those writs or proceedings is precluded by specific statute."

We will give effect to a statute's plain language and will not go beyond it to determine legislative intent. *See Sonia F. v. Eighth Judicial Dist. Court*, 125 Nev. 495, 499, 215 P.3d 705, 707 (2009). A fundamental axiom of statutory interpretation is that related statutes must be read together. *See Barney v. Mt. Rose Heating & Air Conditioning*, 124 Nev. 821, 826-27, 192 P.3d 730, 734 (2008) ("Statutes are to be read in the context of the act and the subject matter as a whole . . . ."). Crucially, a specific statute controls over a general statute. *Piroozi v. Eighth Judicial Dist. Court*, 131 Nev. 1004, 1009, 363 P.3d 1168, 1172 (2015).

We are not persuaded by Wynn's contention that the district court had jurisdiction to grant writ relief because NRS 34.320, which defines the general function of a writ of prohibition, permits district courts to issue such relief when a tribunal or board acts without or in excess of its jurisdiction. Even if we were to credit Wynn's argument that the Agencies lacked jurisdiction over Wynn—which we need not resolve in this appeal— we conclude that NRS 463.318(2) bars the district court from granting writ

relief in this specific case.[2] By its plain language, NRS 463.315(2) provides that a district court may review the Commission's disciplinary decisions only after the Commission issues a final order and the petitioner files a petition for judicial review under NRS 463.315(1). During its review, the court may consider whether the Commission exceeded its statutory authority and jurisdiction. NRS 463.317(3)(b). NRS 463.318(2), in turn, expressly precludes writ relief by providing that judicial review under NRS 463.315(1) is the exclusive method of obtaining review of the Commission's disciplinary actions. *See generally Crane v. Cont'l Tel. Co. of Cal.*, 105 Nev. 399, 401, 775 P.2d 705, 706 (1989) ("When the legislature creates a specific procedure for review of administrative agency decisions, such procedure is controlling."). Our interpretation of NRS 463.318(2) is consistent with the principle that a specific statute controls over a general statute, *see Piroozi*, 131 Nev. at 1009, 363 P.3d at 1172, and our precedent limiting judicial intervention into the Commission's disciplinary proceedings. *See State v. Eighth Judicial Dist. Court*, 111 Nev. 1023, 1025, 899 P.2d 1121, 1122 (1995) (explaining that the jurisdiction afforded to Nevada's district courts under the Nevada Constitution "does not authorize court intrusion into the administration, licensing, control, supervision and discipline of gaming"). Accordingly, we hold that NRS 463.318(2) precludes writ relief in this case arising from Commission proceedings.

*The district court lacked jurisdiction to entertain Wynn's petition for judicial review under NRS 463.315(1)*

Because we conclude that Wynn was not entitled to writ relief, the district court could only properly entertain Wynn's petition as one for

---

[2]We do not address whether the Agencies lacked jurisdiction over Wynn because we determine that the district court did not have jurisdiction to entertain either Wynn's petition for judicial review or his petition for writ relief.

judicial review, and even then, only if the Commission's order denying Wynn's motion to dismiss was a *final* order under NRS 463.315(1). We determine that the district court properly found that the Commission's order denying Wynn's motion to dismiss was not final. For an order to be final, it must dispose of all the issues presented in a case. *Cf. Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (explaining that a judgment is final for purposes of appealability under the Nevada Rules of Appellate Procedure when it disposes of all issues and leaves only post-judgment issues, such as attorney fees and costs, for future consideration). Here, the Commission denied Wynn's motion to dismiss for lack of jurisdiction and, therefore, did not dispose of all of the issues presented. As a result, the Commission's order was clearly not final, *see Resnick v. Nev. Gaming Comm'n*, 104 Nev. 60, 63, 752 P.2d 229, 231 (1988) ("The legislature did not intend, by using the words 'final decision or order,' that an interlocutory Commission determination . . . would be immediately subject to judicial scrutiny." (quoting NRS 463.315(1))), and the district court therefore lacked jurisdiction to entertain Wynn's petition for judicial review.

## CONCLUSION

NRS 463.318(2) precludes writ relief in this circumstance and limits judicial review to petitions filed under NRS 463.315(1) challenging the Commission's final order on disciplinary matters. Based on our interpretation of NRS 463.318(2), we conclude that the district court lacked jurisdiction to entertain Wynn's petition for writ of prohibition. We further conclude that the district court properly determined that the Commission's order denying Wynn's motion to dismiss is not a final order. As the order was not final, the district court also lacked jurisdiction to consider Wynn's

petition as one for judicial review under NRS 463.315(1). Therefore, we determine that the district court erred by granting Wynn's petition. Accordingly, we reverse the district court's order granting Wynn's petition and remand this matter to the district court with instructions to dismiss the petition for lack of jurisdiction.

_____, J.
Silver

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A

9