MICHAEL A. FLYNN *vs.* BOARD OF REGISTRATION IN
OPTOMETRY.

Suffolk.    March 6, 1946. — June 29, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN & SPALDING, JJ.

*Optometry. Equity Jurisdiction,* Optometry. *Certiorari. Statute,* Construction. *Constitutional Law,* Due process of law, Optometry.

Section 64 of G. L. (Ter. Ed.) c. 112, read with § 61, provided a complete and adequate remedy to an optometrist for review of action by the board of registration in optometry suspending him from practice after a hearing; and therefore a remedy by certiorari was not open to him.

While the title to a statute may aid construction of doubtful clauses therein, it cannot control plain provisions of the statute.

The provisions of G. L. (Ter. Ed.) c. 112, § 61, upon its amendment by St. 1921, c. 478, § 1, became applicable to the board of registration in optometry, then one of the boards in the department of civil service and registration, although at the time of such amendment no change was made in the title of §§ 61–65 of c. 112, which still read, "General provisions relative to the boards of registration in medicine, pharmacy and veterinary medicine, and the board of dental examiners."

Section 71 of G. L. (Ter. Ed.) c. 112, does not make §§ 61–65 of that chapter inapplicable to proceedings before the board of registration in optometry.

A violation by an optometrist of G. L. (Ter. Ed.) c. 112, § 73A, inserted by St. 1937, c. 287, § 1, is ground for a suspension of his certificate of registration by the board of registration in optometry.

The provisions of G. L. (Ter. Ed.) c. 112, § 64, as applicable to the board of registration in optometry, that "prior to the entry of" a decree by the Supreme Judicial Court revising or reversing a decision of the board, "no order shall be made or entered by the court to stay or supersede any suspension, revocation or cancellation" of a certificate of registration issued by the board, did not deny the registrant due process of law required by the Fourteenth Amendment to the Federal Constitution or of arts. 1, 10, or 11, of the Declaration of Rights of the Constitution of the Commonwealth.

PETITION, filed in the Superior Court on June 27, 1945, for a writ of certiorari.

The case was heard on demurrer by *Donahue,* J.

*S. Markell,* (*L. W. Black* with him,) for the petitioner.

*A. E. LoPresti,* Assistant Attorney General, for the respondents.

SPALDING, J.   This is a petition for a writ of certiorari to review the action of the respondent board in suspending the petitioner's certificate of registration to practise optometry because of an alleged violation of G. L. (Ter. Ed.) c. 112, § 73A, as inserted by St. 1937, c. 287, § 1.   The respondents without filing a return (see *Jordan Marsh Co.* v. *Labor Relations Commission,* 312 Mass. 597, 598) demurred to the petition on the sole ground that the petitioner had a complete and adequate remedy available to him under G. L. (Ter. Ed.) c. 112, § 64.   From an order sustaining the demurrer the petitioner appealed.

"The general rule is that the function of a writ of certiorari is to correct substantial errors of law committed by a judicial or quasi judicial tribunal which are not otherwise reviewable by a court."   *Maher* v. *Commonwealth,* 291 Mass. 343, 345.   *Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex,* 249 Mass. 465, 468, and cases cited.   Resort may not be had to certiorari if the law provides adequate remedies by other methods.   *Jordan Marsh Co.* v. *Labor Relations Commission,* 312 Mass. 597, 599.   The petitioner contends (1) that the action of the respondent board may not be reviewed under G. L. (Ter. Ed.) c. 112, § 64, and (2) that even if § 64 is applicable it does not provide him with an adequate remedy.   We assume that if either of these propositions is sound certiorari will lie, for the respondents do not contend that any other method of review would be available to the petitioner. See *Swan* v. *Justices of the Superior Court,* 222 Mass. 542; *Jordan Marsh Co.* v. *Labor Relations Commission,* 312 Mass. 597, 599.

1. We are of opinion that a remedy was open to the petitioner under G. L. (Ter. Ed.) c. 112, § 64, which reads as follows: "The supreme judicial court, upon petition of a person whose certificate, registration, license or authority has been suspended, revoked or cancelled, may enter a decree revising or reversing the decision of the board, if it appears that the decision was clearly wrong; but prior to the entry of such decree no order shall be made or entered by the court to stay or supersede any suspension, revoca-

tion or cancellation of any such certificate, registration, license or authority." Section 64 must be read in connection with § 61 of the same chapter, the material portions of which are as follows: "Except as otherwise provided by law, each board of registration in the division of registration of the department of civil service and registration, after a hearing, may, by a majority vote of the whole board, suspend, revoke or cancel any certificate, registration, license or authority issued by it, if it appears to the board that the holder of such certificate, registration, license or authority, is insane, or is guilty of deceit, malpractice, gross misconduct in the practise of his profession, or of any offence against the laws of the commonwealth relating thereto."

There can be no doubt that the authority conferred on the Supreme Judicial Court by § 64 to revise or reverse the "decision of the board" refers to the boards mentioned in § 61, and no contention is made to the contrary. Both of these sections originated in St. 1917, c. 218, the provisions of which, as amended, now comprise §§ 61–65 of c. 112. As originally enacted, § 1 of St. 1917, c. 218 (now § 61), provided for the revocation or suspension of certificates, licenses and so forth only by the boards of registration in medicine, dentistry, pharmacy and veterinary medicine. But § 1, which had become G. L. c. 112, § 61, was amended by St. 1921, c. 478, § 1,[1] so that it no longer applied only to the boards originally mentioned but governed, as it still does, revocation or suspension proceedings conducted by *"each board of registration in the division of registration of the department of civil service and registration"* (emphasis supplied), except as otherwise provided by law. In view of this plain language it is clear that, notwithstanding the title,[2] §§ 61–65 no longer relate only to proceedings before the boards of medicine, dentistry, pharmacy and veterinary medicine. The title to a statute may aid construction of

---

[1] This act was entitled "An Act authorizing the several boards of registration to suspend and cancel certificates of registration."

[2] This reads: "General provisions relative to the boards of registration in medicine, pharmacy and veterinary medicine, and the board of dental examiners." It is to be noted that the title appeared in the General Laws at a time prior to the amendment made by St. 1921, c. 478.

doubtful clauses, but cannot control the plain provisions of the enactment. *Milk Control Board* v. *Gosselin's Dairy, Inc.* 301 Mass. 174, 179–180. *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495, 501, and cases cited. The board of registration in optometry is one of the boards in the department of civil service and registration (see G. L. [Ter. Ed.] c. 13, §§ 1, 9, 16), having been placed there by St. 1919, c. 350, § 63. It is therefore one of the boards included in § 61. We think that it was the intention of the Legislature to set up a more or less uniform procedure for the suspension and revocation of certificates and licenses for the various boards in the department except where some other procedure was expressly provided for.

It is true, as the petitioner has pointed out, that in that part of c. 112 regulating the practice of optometry (§§ 66–73B) there is a section (§ 71) which deals with the subject of revocation or suspension of certificates of registration. But, although the matter is not free from doubt, we do not think that this makes §§ 61–65 inapplicable to proceedings before the board of registration in optometry. Section 71 supplements these sections and does not supersede them. To hold otherwise would mean that no method of review, other than the rather limited one afforded by certiorari, would be available to an optometrist whose certificate had been revoked or suspended. We doubt that the Legislature intended such a result. We are not unmindful of the fact that not all boards mentioned in c. 112 have been provided with the same procedure with respect to suspension or revocation of certificates or licenses. See, for example, §§ 81P, 81Q, 81S (relating to professional engineers and land surveyors); §§ 87L, 87M, 87N (relating to barbers); and §§ 87EE, 87FF, 87HH (relating to hairdressers). But it is to be observed that in each of these instances a specific procedure for court review is provided.

The petitioner asserts that his certificate was suspended for an alleged violation of § 73A. His contention that a violation of this section would not be a ground for suspension under either § 61 or § 71 requires no discussion. It is

clear that it could be a ground for suspension under either section.

2. But the petitioner argues that if his remedy is under § 64 it is neither complete nor adequate and deprives him of his rights under the due process clause of the Fourteenth Amendment to the United States Constitution and under arts. 1, 10 and 11 (Part the First) of the Constitution of the Commonwealth. It is argued that since § 64 provides that prior to entry of a decree by the Supreme Judicial Court revising or reversing a decision of the board "no order shall be made or entered by the court to stay or supersede any suspension, revocation or cancellation" of a certificate, the requirements of due process of law have not been satisfied.

The constitutionality of proceedings to revoke certificates of registration under §§ 61–64 was challenged and upheld in *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424, and *Davis* v. *Board of Registration in Medicine*, 251 Mass. 283.[1] In the case last cited it was said: "The statute requires a hearing before a public board, at which the plaintiff may be represented by counsel and call witnesses, with provision for further hearing in court and for revision and reversal of the finding of the board if justice demands such action. Every constitutional right is protected" (page 285). In that case it appears from an examination of the briefs filed that the point now pressed upon us was raised and argued. While the court in its opinion did not single it out for discussion, we cannot assume that it was overlooked. It is doubtful whether this point is now open but, if it is, we think that it is without merit. We recognize that there may be situations where the enforcement of an administrative order may be challenged as denying due process by reason of the fact that no stay is permitted pending a review by the courts. See *Pacific Telephone & Telegraph Co.* v. *Kuykendall*, 265 U. S. 196, 204–205; *Porter* v. *Investors Syndicate*, 286 U. S. 461, 469;

---

[1] On the general question of the constitutionality of statutes of this type see *Missouri* v. *North*, 271 U. S. 40, and cases collected in 5 Am. L. R. 94 and 79 Am. L. R. 323.

*Scripps-Howard Radio, Inc.* v. *Federal Communications Commission*, 316 U. S. 4, 9–11; *La Verne Co-operative Citrus Association* v. *United States*, 143 Fed. (2d) 415, 418–419 (C. C. A. 9). But we think that this principle is not applicable to a situation such as that here. We cannot say that it is a deprivation of fundamental rights if the right to a stay is withheld during the interval of time between a decision of the board and the entry of a decree of the court in the event a review is sought. We reach this conclusion the more readily because of the many safeguards in the statute ensuring an adequate hearing in the first instance before the board. The Legislature may have thought that the professions and callings to which this statute was applicable were such that the public health, safety, and welfare might be protected better if a stay were forbidden. While in *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424, it was recognized that the right to follow a legitimate calling is both liberty and property and is protected by the Constitution of the United States and that of this Commonwealth, it was pointed out that this right was not absolute and "must yield to the paramount right of government to protect the public health by any rational means" (page 428). See *Belcher* v. *Farrar*, 8 Allen, 325, 328–329.

Since the petitioner was provided with an adequate remedy under § 64, the judge was right in sustaining the demurrer.

*Order sustaining demurrer affirmed.*
*Petition dismissed.*