BOARD OF MEDICAL EXAMINERS OF THE STATE OF NEVADA, Appellant and Cross-Respondent, v. JAMES D. POTTER, M.D., Respondent and Cross-Appellant.

No. 13407

March 10, 1983                                   659 P.2d 868

[Rehearing denied May 19, 1983]

*Hawkins, Rhodes, Sharp, Barbagelata & Haase,* and *Lionel Sawyer & Collins,* Las Vegas, for Appellant and Cross-Respondent.

*Reid & Alverson,* Las Vegas, and *Richard J. Prendergast,* Chicago, Illinois, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

This is an appeal and cross-appeal from the order of the district court reinstating respondent Potter's license to practice medicine and remanding the case to the appellant Board of Medical Examiners of the State of Nevada "for further hearing as they [sic] so desire."

Potter began practicing medicine in Henderson, Nevada in 1963. In 1977, Potter was convicted of conspiracy to commit mail fraud by the United States District Court for the Western District of Pennsylvania. Disciplinary proceedings were initiated against Potter before the Board as a result of the conviction. Following a hearing, the Board revoked Potter's license to practice medicine in Nevada. The revocation was stayed, however, and Potter was placed on probation for three years under certain specified terms, which included a forty-five day suspension of Potter's license. The order also provided, in part, that the Board might terminate probation and revoke Potter's license "in the event the Respondent is convicted of a felony." The order became effective on September 26, 1978.

An indictment was filed in the United States District Court for the District of Nevada in 1978 charging Potter with fifty-four counts of unlawfully distributing controlled substances.

The jury returned a guilty verdict on all counts on September 21, 1978. The judgment of conviction was entered on November 14, 1978. The conviction was subsequently affirmed on appeal.

Disciplinary proceedings were again commenced against Potter before the Board on October 21, 1980. The complaint charged Potter with having been convicted of a felony in the United States District Court for the District of Nevada. The conviction was charged as a basis for disciplinary action independent of the terms of the probation. *See* NRS 630.301(2)(b).[1] The conviction also served as the foundation for a second charge alleging a violation of the terms and conditions of the probation set forth in the order which took effect on September 26, 1978. An evidentiary hearing was thereafter conducted. The Board found Potter guilty as charged in the complaint and ordered that his license to practice medicine in Nevada be revoked.

Potter subsequently filed a petition for judicial review in district court. Numerous contentions were raised in support of the petition. The court reversed the order of revocation and reinstated Potter's license "because of the lack of evidence to sustain the findings of the Board." The case was remanded to the Board "for further hearing as they [sic] so desire." This appeal and cross-appeal followed.

NRS 233B.140 sets forth the procedure to be followed by the district court in reviewing the decision of an administrative agency. Subsection 5(e) provides, in relevant part, that an agency decision may not be modified or reversed unless (1) the decision is clearly erroneous in light of the reliable, probative, and substantial evidence on the entire record, and (2) substantial rights of the appellant have been prejudiced as a result.

A review of the findings of the Board reveals that a certified copy of the judgment of Potter's conviction in the United States District Court for the District of Nevada was entered into evidence at the hearing. In a disciplinary proceeding

---

[1] NRS 630.301 provides, in relevant part, as follows:

The grounds for initiating disciplinary action under this chapter are:

. . .

2. Conviction of:

(a) A violation of any federal or state law regulating the possession, distribution or use of any controlled substance as defined in chapter 453 of NRS or dangerous drug as defined in chapter 454 of NRS;

(b) A felony; or

(c) Any offense involving moral turpitude . . .

before the Board, a certified copy of the record .of a court showing a conviction is conclusive evidence of its occurrence. NRS 630.346. Accordingly, the Board's finding that Potter had been convicted of a felony, as charged in the complaint as an independent basis for discipline, was not clearly erroneous in light of the reliable, probative, and substantial evidence on the entire record. The district court erred in substituting its judgment for that of the Board. *See* NRS 233B.140(5). To that extent, we reverse the judgment of the court below.

A review of the record reveals that the Board also found Potter guilty of violating probation by reason of the felony conviction. Undoubtedly, one of the purposes sought to be achieved by the terms of probation was to prevent, or at least to discourage, Potter from engaging in illegal and improper conduct. Utilizing Potter's conviction as a basis for revoking his probation, however, would clearly not serve this purpose. Although the judgment of conviction was entered after commencement of the probationary period, the conduct which was the foundation for that conviction occurred before Potter was put on probation. It would not be compatible with principles of due process to permit appellant to use the 1978 conviction as a ground for holding that Potter violated his probation.

No allegations were set forth in the complaint justifying revocation of probation aside from the 1978 conviction. Accordingly, the Board's finding that Potter was guilty of having violated probation was clearly erroneous in light of the reliable, probative, and substantial evidence on the entire record. Furthermore, it is apparent that the finding prejudiced Potter's substantial rights. Accordingly, we affirm the holding of the district court setting aside that portion of the Board's order. *See* NRS 233B.140(5)(e).

Potter contends on cross-appeal that the district court erred in remanding the case to the Board for further hearing as the Board so desires. We disagree. NRS 233B.140(5) states in relevant part, as follows:

> The court may affirm the decision of the agency *or remand the case for further proceedings.* The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are . . . .
>    (e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record . . .

(Emphasis added). This provision does not specifically authorize the district court to reverse the decision of an administrative agency and then to remand the matter to the agency for further proceedings. It is reasonable to conclude, however, that the legislature intended for a reviewing court to have the power to reverse and remand a decision which substantially prejudices the rights of an appellant and which is clearly erroneous in view of the reliable, probative and substantial evidence of the entire record.

The Board revoked Potter's license on the basis of two charges, only one of which was supported by the record. It is unknown whether the Board would have revoked respondent's license without the additional charge. NRS 630.352(2) empowers the Board, and not a reviewing court, to impose specific sanctions if the person charged in a complaint is found guilty. Pursuant to NRS 233B.140(5), remand to the Board is necessary here in order for the Board to determine what sanction, if any, should be imposed on the charge which was supported by the evidence. *See e.g.,* Biegler v. Nevada Real Est. Div., 95 Nev. 691, 601 P.2d 419 (1979).

Affirmed in part; reversed in part.