JAMES D. POTTER, M.D., APPELLANT AND CROSS-RESPONDENT, *v.* STATE BOARD OF MEDICAL EXAMINERS, RESPONDENT AND CROSS-APPELLANT.

No. 15340

August 27, 1985                                        705 P.2d 132

*J. Bruce Alverson* and *Eric Taylor,* Las Vegas; *Richard Prendergast,* Chicago, Illinois, for Appellant and Cross-Respondent.

*Lionel, Sawyer & Collins,* Las Vegas; *Hawkins & Sharp,* Reno, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

The facts underlying the present appeal are set forth in this Court's previous opinion in this case. Board Med. Exam'rs v. Potter, 99 Nev. 162, 659 P.2d 868 (1983) *(Potter I)*. In *Potter I*, this Court affirmed in part the order of the district court reversing the Board's revocation of the medical license of appellant James D. Potter. This Court held that only one of the two grounds the Board relied on to revoke Potter's license was supported by substantial evidence. We stated, "[i]t is unknown whether the Board would have revoked [Potter's] license without the additional charge." 99 Nev. at 166. We affirmed the lower court's order of remand and held that on remand the Board was "to determine what sanction, if any, should be imposed on the charge which was supported by the evidence." *Id.* The charge supported by the evidence was that Potter had been convicted of a felony in United States District Court. Potter was convicted in 1978 of fifty-four counts of unlawfully distributing controlled substances.

On December 16, 1983, the Board held a meeting to consider Potter's case on remand. Six members of the Board were present. The seventh member had recently resigned and no replacement had yet been appointed. The Board denied Potter's request to present evidence of his professional conduct since the date his license was initially revoked on the present charges in 1980. At one point, the Board closed the meeting to non-Board members and discussed the case for approximately one hour in an executive session. The Board then reconvened in public. On a motion to revoke Potter's medical license, three Board members voted in favor of the motion, two voted against it and one, the Board chairman, abstained. The Board revoked Potter's license.

Potter petitioned the district court for judicial review. Potter appeals from the order of the district court upholding the decision of the Board.[1]

---

[1]Potter's request for a stay of the revocation pending appeal was denied by this Court in an order filed October 15, 1984.

On appeal to this Court, Potter raises several assignments of error. We need only discuss one issue since it is dispositive of this appeal. Potter contends, and we agree, that the Board's order of revocation was procedurally inadequate because only three Board members of the six present at the December 16, 1983 meeting voted in favor of revocation. The interest in practicing one's profession is a valuable property right which cannot be arbitrarily abridged or revoked. Burleigh v. State Bar of Nevada, 98 Nev. 140, 145, 643 P.2d 1201, 1204 (1982); State v. Medical Examiners, 68 Nev. 455, 235 P.2d 327 (1951). An individual must be afforded due process before he can be excluded from his profession. Burleigh v. State Bar of Nevada, *supra.* The procedures which satisfy due process in a given situation depend, in part, on the private interest affected and the government interest to be protected. *Id.* In the context of a hearing to determine the sanctions to be imposed upon a licensee by an occupational licensing board, we hold that a majority of the members of the board who are present and qualified to vote must vote in favor of revocation in order for the board to revoke the licensee's professional license. *See generally* Annots. 63 A.L.R.3d 1072, § 6b.

In the case at bar, this requirement was not met. Only one-half of the six Board members present at and participating in the December 16, 1983 meeting voted to revoke Potter's license. Two members voted against revocation, and the chairman of the Board abstained. The chairman did not provide reasons for his abstention.[2] The chairman stated on the record that he agreed with the order of revocation. Such a statement, however, does not constitute a properly cast vote. Therefore, the chairman's comment did not cure the deficiency behind the Board's revocation order.

Because there were insufficient votes for the Board to revoke Potter's medical license, the district court's order upholding the revocation must be reversed and the matter remanded to the Board. *See* State, Bd. Psychological Exam'rs v. Norman, 100 Nev. 241, 679 P.2d 1263 (1984). On remand, the Board may receive new evidence at its discretion. Accordingly, we reverse the judgment of the district court and remand for proceedings consistent with this opinion.[3]

---

[2]Presumably, these reasons did not require the chairman's disqualification since he fully participated in the December 16, 1983 meeting except for voting. *See* NRS 233B.122.

[3]In its cross-appeal the Board appeals from the district court's denial of its request for sanctions. We hereby affirm that order.