E. MICHAEL MOLNAR, M.D., APPELLANT, *v.* THE STATE OF NEVADA, EX REL BOARD OF MEDICAL EXAMINERS OF THE STATE OF NEVADA, RESPONDENT.

No. 18746

May 18, 1989                                      773 P.2d 726

---

[2]The Honorable Jerry V. Sullivan, Judge of the Sixth Judicial District, was designated by the Governor to sit in the place of THE HONORABLE CLIFF YOUNG, Chief Justice. Nev. Const., art. 6, § 4.

214

*Durney & Brennan,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Donald H. Haight,* Deputy Attorney General, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In July, 1985 appellant, E. Michael Molnar, M.D., applied to renew his Nevada certificate of biennial registration. One of the questions on the application was:

> Since your last registration:
> 1.  Have you been investigated, charged or convicted of unprofessional conduct, professional incompetence or gross or repeated malpractice by any medical licensing board or other agency, hospital or medical society?

Although he was aware there were allegations pending against him in California for unprofessional conduct, appellant checked the box designating "No" to the question.

As a result of appellant's answer, respondent, State of Nevada, ex rel Board of Medical Examiners of the State of Nevada (Board), filed a disciplinary complaint against him under NRS 630.304(1) alleging that appellant had attempted to renew his license by fraud or misrepresentation or by a false or misleading, inaccurate or incomplete statement.

On March 21, 1986, a hearing was held before a hearing officer for the Board. At the hearing appellant testified that he had inadvertently checked the wrong box on the application. He explained that his office nurse had probably handed him the form to complete while he was in between patients and that he had only

glanced at the questions while answering them. He pointed out another mistake he had made on the application and corrected. Finally, appellant objected to the procedure used because no member of the Board had been present to observe his testimony.

On August 20, 1986, the Board issued its findings of fact, conclusions of law and order. Each member of the Board affirmed that they had read the transcript of the proceedings held before the hearing officer and had reviewed the evidence submitted at the hearing. However, none of the Board members was actually present when appellant testified at the hearing, nor did the Board receive any recommendation from the hearing officer. The Board concluded that there was clear and convincing evidence to find that appellant's answer "constituted renewing or attempting to renew a license to practice medicine by fraud and misrepresentation and by a false, misleading, inaccurate, and incomplete statement." The Board ordered that appellant be publicly reprimanded. Subsequently, the Board denied appellant's petition to amend its findings, conclusions and order.

Appellant appealed to the district court alleging three errors. First, that the hearing procedure denied him due process. Second, that the Board's order was defective because it stated that he had not appeared before the Board without noting that he was not required to appear. Third, that there was no evidence to support the Board's findings. The district court affirmed the Board's order with the modification that appellant had not been required to be present before the Board. This appeal followed.

Appellant contends that the hearing procedure used in this case jeopardized his right to practice medicine without due process of law. In this case, the Board appointed a hearing officer to take evidence pursuant to NRS 630.339(2).[1] A transcript of the hearing and all exhibits presented at the hearing were reviewed by each board member. The hearing officer made no recommendation to the Board and the Board did not ask for a recommendation. The Board concluded that appellant had attempted to renew his license to practice medicine "[b]y fraud and misrepresentation and by a false, misleading, inaccurate, and incomplete statement."

---

[1] In 1985, NRS 630.339(2) provided:

> The board, a hearing officer or a panel of its members designated by the board shall hold the formal hearing on the charges at the time and place designated in the notification. If the hearing is before a panel, at least one member of the board who is not a physician must participate in this hearing and in the final recommendation of the panel to the board.

Subsection (2) was amended in 1987 by deleting the language "and in the final recommendation of the panel to the board."

The due process clauses of the Nevada Constitution and the United States Constitution provide that "no person shall . . . be deprived of life, liberty or property *without due process of law*." U.S. Const. amend. V; Nev. Const. art. 1, § 8. The due process clause of the United States Constitution is applied to the states through the XIV Amendment. "Due process is not a rigid concept: 'due process is flexible and calls for such procedural protections as the particular situation demands.' " Morrisey v. Brewer, 408 U.S. 471, 481 (1972); State ex rel. Sweikert v. Briare, 94 Nev. 752, 588 P.2d 542 (1978). Watson v. Housing Authority, 97 Nev. 240, 242, 627 P.2d 405, 407 (1981). The right to practice medicine is a "valuable property right which cannot be arbitrarily abridged or revoked." Potter v. State Bd. of Med. Examiners, 101 Nev. 369, 371, 705 P.2d 132, 134 (1985).

As a general rule a decision-making administrative body need not hear and observe testimony of witnesses at an evidentiary hearing. *See* Morgan v. United States, 298 U.S. 468, 482 (1936) (holding that the Constitution only requires that the officer making the decision must consider and appraise the evidence which justifies the decision). However, where the credibility of a witness is at issue, it is a denial of due process if the administrative agency making the fact determination does not have the benefit of the findings, conclusions and impressions of the person hearing the testimony of the witness. *See* Crow v. Industrial Commission, 140 P.2d 321, 322 (Utah 1943); Goodyear Tire and Rubber Co. v. Pierce, 363 S.E.2d 433, 437 (Va.App. 1987); Shawley v. Industrial Commission, 114 N.W.2d 872, 876 (Wis. 1962).

In the instant case, appellant's credibility was the determining factor. The Board made its decision without having viewed appellant's testimony or having received a report from the hearing officer regarding appellant's veracity. Therefore, NRS 630.339(2), as applied to this case, did not afford appellant due process.

However, NRS 630.339(2) is not unconstitutional because there is a saving interpretation. There is nothing in the language of NRS 630.339(2) that would prohibit the Board from asking for the recommendation of the hearing officer in cases where there is conflicting evidence or credibility is a determining factor. Therefore, in those cases where a hearing officer is appointed to hear the case and the evidence is conflicting or credibility is a determining factor, the Board is required to seek the recommendation of the hearing officer. Accordingly, this case is reversed and remanded to the district court.