*1024 OPINION

Per Curiam:

This original petition for a writ of prohibition challenges an order of the district court staying the execution of an order of the Nevada Gaming Commission.[1]
On August 17, 1994, the Nevada Gaming Commission filed an order placing real party in interest Albert Corbo on the list of persons who are to be excluded from licensed gaming establishments pursuant to NRS 463.151 through 463.155 and Nevada Gaming Commission Regulation 28. On September 30, 1994, Corbo filed a motion to stay the execution of the final order of exclusion pending judicial review of this matter. On December 7, 1994, the district court entered an order granting the motion to stay the execution of the final order of exclusion. On February 6, 1995, the commission filed this petition for a writ of prohibition. This court ordered Corbo to file an answer to the commission’s petition. Corbo filed an answer on March 20, 1995.
The commission contends that pursuant to NRS 463.315(5), only the commission has the statutory authority to stay its order of exclusion and that the district court, therefore, exceeded its jurisdiction in granting Corbo’s motion to stay execution. We agree, NRS 463.315(5) states that “[t]he filing of the petition [for judicial review] does not stay enforcement of the decision or order of the commission, but the commission itself may grant a stay upon such terms and conditions as it deems proper.” The legislature expressly provided the commission with the authority to stay the enforcement of its own order, but did not similarly *1025 provide the district court with such authority. We conclude that the legislature clearly intended to preclude the district court from exercising such authority.
Additionally, we have consistently held that Article 6, Section 6 of the Nevada Constitution, which sets forth the jurisdiction of the district courts, does not authorize court intrusion into the administration, licensing, control, supervision and discipline of gaming. Harrah’s Club v. State Gaming Control Bd., 104 Nev. 762, 766 P.2d 900 (1988); Gaming Control Bd. v. Dist. Ct., 82 Nev. 38, 409 P.2d 974 (1966).
A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. Petitions for extraordinary writs are addressed to the sound discretion of the court. State ex rel. Dep’t Transp. v. Thompson, 99 Nev. 358, 662 P.2d 1338 (1983). A writ of prohibition may issue only where there is no plain, speedy, and adequate remedy at law. NRS 34.330.
We conclude that the district court exceeded its jurisdiction by granting the motion to stay the commission’s order and petitioners do not have a plain, speedy and adequate remedy at law.[2] Accordingly, we vacate the district court’s order and we grant this petition.[3] '

This court previously granted this petition in an unpublished order. Petitioners have moved this court to publish our decision as an opinion. Cause appearing, we grant this motion. Accordingly, we issue this opinion in place of our order filed June 27, 1995.

Corbo asserts that a writ of prohibition should not issue in this case for a number of reasons. We have reviewed each of these arguments against issuance of the writ, and conclude that they lack merit.

We note that, pursuant to our order of June 27, 1995, the clerk of this court issued a writ of prohibition precluding the district court from interfering with the enforcement of the commission’s order pending judicial review of this matter.
We also note that in our order of June 27, 1995, we denied as moot two procedural motions. We reaffirm the denial of these motions.
The Honorable Robert E. Rose, Justice, did not participate in the decision of this appeal.